# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL HILLIARD, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

PANERA, LLC,

    Defendant.

No. 1:21-cv-0233

Judge John J. Tharp Jr.

## JOINT INTIAL STATUS REPORT

I. **NATURE OF THE CASE**

   a. **Counsel of Record for Plaintiff:**

    Philip L. Fraietta (Lead Counsel)
    Joseph I. Marchese
    Bursor & Fisher, P.A.
    888 Seventh Avenue
    New York, NY 10019
    jmarchese@bursor.com
    pfraietta@bursor.com

    Carl V. Malmstrom
    Wolf Haldenstein Adler Freeman & Herz LLC
    111 W. Jackson Blvd., Suite 1700
    Chicago, IL 60604
    malmstrom@whafh.com

   b. **Counsel of Record for Panera, LLC ("Panera"):**

    Erin Bolan Hines (Lead Counsel)
    Melissa A. Siebert
    SHOOK, HARDY & BACON L.L.P.
    111 South Wacker Drive, Suite 4700
    Chicago, IL 60606

Tel: (312) 704-7700
Fax: (312) 558-1195
ehines@shb.com
masiebert@shb.com

### c. Nature of Claims and Defenses

This is a purported class action brought under the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* Plaintiff initially filed the matter in the Circuit Court of Cook County, Illinois (*see* Dkt. 1-1), and Panera subsequently removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA") (*see* Dkt. 1).

In the Class Action Complaint, Plaintiff asserts that he used timekeeping technology to clock in and out from work at Au Bon Pain in a manner that violated BIPA. Plaintiff thus alleges two categories of violations under three separate subparts of BIPA's Section 15. Specifically, Plaintiff claims Panera failed to (1) institute, maintain, and adhere to retention schedules and guidelines concerning the destruction of Plaintiff's and putative class members' biometrics (Section 15(a)); (2) inform Plaintiff and putative class members in writing that their biometrics were being collected, stored, used, or disseminated and of the specific purpose and length of term for which their biometrics were being collected, stored, used, and disseminated (Section 15(b)(1)-(2)); and (3) obtain a written release from Plaintiff and putative class members (Section 15(b)(3)).[1] Plaintiff defines the putative class as follows: "All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois."

Panera denies that the time-keeping device Plaintiff used collected a "fingerprint." Panera further contends Plaintiff's BIPA claims must be dismissed because he has not pled the requisite negligence, recklessness, or intent to support his BIPA claims, he has failed to state a claim against

---

[1] Plaintiff also incorporates a BIPA Section 15(d) violation into Counts I and II. *See* Dkt. 1-1, Compl. ¶ 38.

Panera, and also because his claims are barred by certain defenses, including but not limited to (i) consent to the use of his purported "fingerprint," (ii) a one-, two-, or five-year statute of limitations, (iii) preemption under the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, or other statute, and (iv) assumption of the risk.

### d. Major Legal and Factual Issues

The major factual issues that the parties anticipate addressing are:

- Employee use of biometric scanning devices at Au Bon Pain's Illinois restaurant locations
- The disclosure of any biometric identifiers and information obtained from those devices to third parties
- Whether Au Bon Pain obtained BIPA-compliant consent before collecting, obtaining, or disclosing Plaintiff's and the absent class member's biometric information or identifiers
- The number of absent class members

The major legal issues that the parties anticipate addressing are:

- Whether Panera is the appropriate defendant in this putative class action
- Whether Panera, as the parent company of Au Bon Pain, is liable for Au Bon Pain's alleged violations of BIPA
- Whether Au Bon Pain violated BIPA
- Whether Panera violated BIPA
- Whether Au Bon Pain's BIPA violations, if any, were negligent, intentional, or otherwise

- Whether Panera's BIPA violations, if any, were negligent, intentional, or otherwise

- Whether the case is appropriate for class certification under Rule 23

- Whether BIPA is subject to a one-, two-, or five-year statute of limitations

- Whether Plaintiff's claims are preempted by the IWCA

- Whether an alleged BIPA violation accrues the first time an employee utilizes a finger-scan technology without consent, or whether a new violation accrues each time an employee utilizes said technology without consent

  e. **Relief Sought**

Plaintiff seeks as relief statutory damages, injunctive relief, and attorneys' fees and costs, as well as pre- and post-judgment interest.

Panera disputes Plaintiff's entitlement to any relief under BIPA, and contests Plaintiff's interpretation of BIPA's liquidated damages provisions and to the extent Plaintiff seeks duplicative damages for the same alleged injury.

**II. SUBJECT MATTER JURISDICTION**

The parties agree that this Court has jurisdiction under CAFA because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).

  a. **The Parties Agree that Minimal Diversity Exists**

Plaintiff is a citizen of Illinois. Panera is a Delaware limited liability company with its principal place of business in Missouri.

As discussed at length in the notice of removal, Panera's citizenship for CAFA purposes is its state of incorporation and principal place of business. *See* Dkt. 1, Notice of Removal at 3-5

(collecting cases and discussing applicable case law). Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is always treated as an "unincorporated association" for purposes of determining citizenship in diversity cases. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998). In ordinary diversity cases, that would be the citizenship of its members. *See id.* But not so in the context of CAFA. *See, e.g.*, *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 908 (S.D. Ind. 2008) (discussing *Cosgrove* and its progeny, and concluding that Seventh Circuit jurisprudence requires that a limited liability company fall within the scope of § 1332(d)(10)).

Alternatively, Panera is wholly owned by Panera Bread Co., a Delaware corporation with its principal place of business in Missouri. Minimal diversity thus exists whether the Court measures Panera's citizenship by its state of incorporation and principal place of business or by the citizenship of its member.

### b. The Parties Agree that the Amount-in-Controversy Requirement is Satisfied

On the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts three types of alleged violations, and seeks statutory damages for "each" violation, and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Plaintiff's Motion for Class Certification asserts a class of "at least several hundred members." Plaintiff alleges he started work for Au Bon Pain in February 2002, and first scanned his finger to clock in and out of work in 2014. Au Bon Pain is now owned by Panera. During the past 5 years, records show that in excess of 333 persons used the timeclocks at issue in Plaintiff's lawsuit while working at Au Bon Pain locations. Even 334 class members would yield a maximum

amount in controversy in excess of the jurisdictional prerequisite for the three BIPA violations alleged (334 x $5,000 x 3 = $5,010,000).[2] Thus, as alleged, the amount-in-controversy requirement is satisfied.

## III. STATUS OF SERVICE

The parties agree that service of process was effectuated as to Panera.

## IV. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The parties do not unanimously consent to full jurisdiction by the Magistrate Judge.

## V. MOTIONS

### a. Pending Motions

There are currently no pending motions before the Court.

### b. Defendant's Anticipated Answer or Response

Panera anticipates responding to the complaint by means of two motions.

First, Panera will be filing a motion to dismiss Plaintiff's BIPA claims on March 8, 2021 on the following bases, if not others: (i) Plaintiff has failed to state a viable claim against Panera; (ii) Plaintiff consented to the use of his purported "fingerprint," (iii) Plaintiff's claims are barred by a one-, two-, or five-year statute of limitations; (iv) Plaintiff's claims are preempted under the IWCA or other statutes; and (v) Plaintiff's claims are barred under the assumption of the risk.

Second, Panera will also seek to stay these proceedings pending decisions by (i) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No. 20-3203, (ii) the

---

[2] As previously noted, Plaintiff also incorporates a BIPA Section 15(d) violation into Counts I and II. Alternatively, 251 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for four BIPA violations alleged (251 x $5,000 x 4 = $5,020,000).

Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562; (iii) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184; and (iv) the Illinois Supreme Court in *In re: McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 (Ill.).

### VI. STATUS OF SETTLEMENT DISCUSSIONS

#### a. Settlement Discussions and Status Thereof

There have been no settlement discussions to date.

#### b. Settlement Conference

The parties agree that there are issues that need to be litigated before a settlement conference would be productive.

Dated: February 1, 2021

Respectfully submitted,

By: /s/ Carl V. Malmstrom (with permission

Philip L. Fraietta (Lead Counsel)
Joseph I. Marchese
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
jmarchese@bursor.com
pfraietta@bursor.com

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

*Attorneys for Plaintiff*


By: /s/ Erin Bolan Hines

Melissa A. Siebert (masiebert@shb.com)
Erin Bolan Hines (ehines@shb.com)

SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendant*